UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARIS MILLER,

               Plaintiff,

         -against-

U.S. POSTAL INSEPCTION SERVICE;
DAMIAN WILLIAMS,

             Defendants.

1:24-CV-0588 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Paris Miller, of the Bronx, New York, who is appearing *pro se*, filed an "a) Summons & b) Complaint c) Request for Assignment of Counsel d) Notice of Motion Ready for Trial e) & Affirmation(s) in Support," which the Court construes as an amended complaint.[1] (ECF 4.) In his amended complaint, Plaintiff names as defendants: (1) the United States Postal Inspection Service ("USPIS"), an arm of the United States Postal Service ("USPS"); and (2) Damian Williams, the United States Attorney for the Southern District of New York. Plaintiff's claims arise from the alleged theft, from a mailbox located in the Bronx, New York, of postal money orders that Plaintiff had purchased from the USPS.

By order dated January 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF 4.)

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his amended complaint:

On [August 15, 2023,] I dropped a money order for $234.80 in the USPS mailbox on Grand Concourse near East 183rd Street[,] [in the Bronx,] to pay my rent for my supportive living apartment. After I did so[,] this crook named Jeffrey Ramos stole it out [of] the mailbox that I dropped it in [and] mail[ed] it to his acquaintance or relative named Angela Melendez[,] who lives in Brooklyn. . . . This was done a second time on [September 12, 2023,] after I dropped this in the same mailbox by another crook named Samantha Melendez. She also mailed my money order after she similarly washed my name off it to this person named Angela Melendez in Brooklyn. . . .

I did [two] separate "money order inquiries' that I paid $17.30 each at the USPS office to learn this. I purchased these [two] separate money orders at the USPS office on East 187th Street near Crescent Avenue, [in the Bronx]. . . .

I was shocked to learn that these 2 to 3 crooks pulled a stunt like this [and] caused me much emotional distress since I almost lost my apartment for failure to pay the rents for [two] moths. Also, [the USPIS] share[s] in my emotional distress after refusing to arrest them [and] make them pay restitution. I am rightfully suing them for: failure to protect, discrimination, negligence, emotional distress, [and] also for equal protection.

(ECF 4, at 4-5.)

Plaintiff asserts that he is "suing for a total of $500,000 due to the negligent conduct of [the USPIS's] blatant failure to protect me as a U.S. citizen who[,] by [the Fourth Amendment] . . . deserves equal protection [*sic*]." (*Id.* at 5.)

## DISCUSSION

It appears that Plaintiff seeks a criminal investigation, by the USPIS and, possibly, by Damian Williams, the United States Attorney for the Southern District of New York, as to the alleged theft, forgery, and wrongful depositing of the postal money orders that he alleges he purchased from the USPS to pay his rent. He also seems to seek the criminal prosecution of, and protection from, the individuals whom he alleges are responsible for those acts. In addition, Plaintiff seeks damages arising from the USPIS's and Williams's alleged failure to investigate

and prosecute those individuals, their alleged failure to protect him from those individuals, and the USPS's alleged failure to properly deliver the money orders to his landlord.

## A.      Private prosecution

Plaintiff seems to seek the criminal prosecution of others. If that is the case, the Court must dismiss his claims for such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

## B.      Failure to protect and investigate

The Court understands Plaintiff's allegations arising from the defendants' alleged failure to investigate and to protect Plaintiff as claims of violations of his federal constitutional rights against Defendant Williams, in his individual capacity, for damages, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against [individual] federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an

award for monetary damages from [individual] defendants in their individual capacities."); *see also FDIC v. Meyer*, 510 U.S. 471 (1994) (*Bivens* claims cannot be brought against a federal agency).

To the extent that Plaintiff asserts that Williams or, for that matter, any individual USPIS official, has violated Plaintiff's federal constitutional rights by failing to investigate the abovementioned individuals whom Plaintiff alleges committed criminal acts against him or by failing to protect him from those individuals, the claims fail because Williams and any individual USPIS officials have no such constitutional duty. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'" (citation omitted)); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (same). The Court therefore dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.   Sovereign immunity

The Court also understands Plaintiff's amended complaint as asserting claims for damages and injunctive relief against the USPS, its arm, the USPIS, and against Williams, in his official capacity, arising from the defendants' alleged failure to investigate and prosecute the individuals whom Plaintiff alleges committed the criminal acts mentioned above, their failure to protect him from those individuals, and the USPS's failure to deliver the abovementioned postal money orders to his landlord. The Court must dismiss such claims under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as the USPS, its

arm, the USPIS, or against a federal officer, such as Williams, in his or her official capacity except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Examples of waivers of sovereign immunity are the Federal Tort Claims Act ("FTCA") and the Administrative Procedure Act ("APA"). The Court understands Plaintiff's amended complaint as asserting claims against the defendants under these statutes but, as explained below, the doctrine of sovereign immunity precludes these claims.

1.      **Claims under the FTCA**

Plaintiff's FTCA claims for damages against the USPS, the USPIS, and against Williams, in his official capacity, are precluded by the doctrine of sovereign immunity, as the FTCA does not allow for such claims. The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. This waiver does not apply, however, as to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b). It also does not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

§ 2680(a). It further does not apply to claims for damages against the federal government arising from constitutional torts committed by federal officers or employees within the scope of their

respective office or employment. *See* 28 U.S.C. § 2679(b)(1); *Castro v. United States*, 34 F.3d

106, 110 (2d Cir. 1994); *see also Carlson v. Green*, 446 U.S. 14, 19 (1980) ("Petitioners point to

nothing in the . . . [FTCA] or its legislative history to show that Congress meant to pre-empt a

*Bivens* remedy or to create an equally effective remedy for constitutional violations.").

Generally speaking, "[t]he proper defendant in an FTCA claim is the United States, not

individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL

136545, at *1 (D. Conn. Jan. 9, 2015); *see also* 2679(b)(1) ("The remedy against *the United*

*States* provided by [the FTCA] . . . for injury or loss of property, or personal injury or death

arising or resulting from the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment is exclusive of any other

civil action or proceeding for money damages by reason of the same subject matter against the

employee whose act or omission gave rise to the claim or against the estate of such

employee. . . .") (emphasis in original); *Bazuaye v. United States*, No. 06-CV-8259 (DAB), 2009

WL 210702, at *6 (S.D.N.Y. Jan. 27, 2009) (holding that an Assistant United States Attorney's

memorandum "correctly says: . . . this case must be considered a suit against the United States

because the individual defendants are being sued in their official capacities").

The Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, provides that the USPS

is "an independent establishment of the executive branch of the Government of the United

States," 39 U.S.C. § 201, with the power "to sue and be sued in its official name," 39 U.S.C.

§ 401(1). Thus, the PRA "generally waives the immunity of the [USPS] from suit," though it also

provides that the FTCA "shall apply to tort claims arising out of activities of the [USPS]." *Dolan*

*v. USPS*, 546 U.S. 481, 484 (2006) (internal quotation marks and citations omitted); *see* 39

U.S.C. § 409(c). Since the proper defendant for claims under the FTCA is the United States of

America, such claims arising from the tortious conduct of USPS officers or employees, including those employed by the USPIS, acting with the scope of their USPS office or employment, must be brought against the United States of America. *See, e.g.*; *Joseph v. United States*, No. 22-CV-7007, 2024 WL 360663, at *6 (E.D.N.Y. Jan. 31, 2024); *see also* § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA], and the remedies provided by [the FTCA] in such cases shall be exclusive.")

The Court therefore dismisses Plaintiff's claims for damages against the USPS, its arm, the USPIS, as well as such claims against Williams, in his official capacity, brought under the FTCA, under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court construes such claims as brought against the proper defendant, the United States of America. Yet, the Court dismisses, for the same reasons, Plaintiff's claims under the FTCA against the United States of America, arising from the USPS's alleged failure to deliver Plaintiff's postal money orders to his landlord, because such an alleged failure is not included within the FTCA's waiver of sovereign immunity. *See* §§ 1915(e)(2)(B)(iii), 2680(b); Fed. R. Civ. P. 12(h)(3). The Court also dismisses, for the same reasons, Plaintiff's claims under the FTCA against the United States of America, arising from the USPS's, the USPIS's, and Williams's alleged failure to enforce the law, and to prosecute the individuals whom Plaintiff alleges committed the abovementioned criminal acts, as such claims also fall outside of the FTCA's waiver of sovereign immunity. *See* §§ 1915(e)(2)(B)(iii); 2680(a); Fed. R. Civ. P. 12(h)(3); *Huntress v. United States*, 810 F. App'x 74, 75-76 (2d Cir. 2020) (summary order) ("[A]llegations . . . [that] are grounded in an agency's decision . . . to prosecute

or enforce, whether through civil or criminal process, clearly involve[] decision[s] generally committed to an agency's absolute discretion. [C]ourts have uniformly found such quintessential examples of governmental discretion . . . to be immune under the discretionary function exception." (internal quotation marks and citations omitted)); *Manchanda v. Reardon*, No. 23-CV-9292 (JPC) (KHP), 2024 WL 382116, at *7 (S.D.N.Y. Feb. 1, 2024) ("[A] federal law enforcement agency's decision to conduct an investigation in response to reports of criminal activity is a discretionary function that is not cognizable under the FTCA." (citing, *inter alia*, § 2680(a)))), *appeal pending*, No. 24-392 (2d Cir.); *Barone v. United States*, No. 12-CV-4103 (LAK), 2014 WL 4467780, at *10 (S.D.N.Y. Sept. 10, 2014) ("There is no question that the United States is immune from liability for claims arising from [a federal prosecutor's] decision to prosecute plaintiff."). The Court further dismisses, for the same reasons, *see* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3), Plaintiff's claims for damages against the United States of America arising from constitutional torts, *see* § 2679(b)(1); *Castro*, 34 F.3d at 110.

### 2.    Claims under the APA

Plaintiff may seek to bring claims for injunctive relief against the USPS, the USPIS, or against Williams, in his official capacity, arising from their alleged failure to execute what he asserts is their constitutional duty to investigate the individuals whom Plaintiff alleges committed the illegal acts mentioned above, as well as arising from their failure to execute another purported constitutional duty to protect Plaintiff from those individuals, or to prosecute them. The doctrine of sovereign immunity, however, bars these claims as well.

The Administrative Procedure Act ("APA") is another limited waiver of sovereign immunity allowing for judicial review of a federal agency's final administrative action; it does not allow for damages. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a plaintiff may ask a federal court to hold that a final federal

agency action is unlawful or otherwise incorrect, and the court can: (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) hold unlawful and set aside the agency's action, findings, and conclusions. 5 U.S.C. § 706. The proper defendant for an APA claim is the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703.

The PRA, however, *may* exclude the APA from applying to the USPS. *See* 39 U.S.C. § 410(a); *Thompson v. United States*, 795 F. App'x 15, 19 (2d Cir. 2019) (summary order) ("The [PRA] expressly forbids suit against the USPS under the APA where the USPS acts within its powers." (citing § 410(a) and *Mittleman v. Postal Regulatory Comm'n*, 757 F.3d 300, 305 (2d D.C. Cir. 2014))). *But see Air Courier Conference of Am. v. Am. Postal Workers Union, AFL-CIO*, 498 U.S. 517, 522-23 (1991) ("[W]e decline to decide whether § 410(a) exempts the Postal Service from judicial review under the APA." (footnote omitted)); *Top Choice Distributors v. USPS*, 138 F.3d 463, 465 n.1 (2d Cir. 1998) ("[W]e need not decide whether § 410(a) renders the APA's judicial review provisions inapplicable to the underlying administrative proceedings; any objection to the applicability of the APA here has been waived by the Postal Service's concession [in this matter] that judicial review of final agency actions pursuant to the APA is appropriate."). In any event, judicial review under the APA is not applicable when federal "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. . . . [Thus,] an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)." *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985).

As discussed above, the APA may not apply to the USPS, and thus, the USPIS, *see supra* at 10, and, more importantly, there is no constitutional duty to investigate a crime or to protect Plaintiff, *see supra* at 4-5. Thus, to the extent that Plaintiff asserts claims under the APA seeking such injunctive relief, the Court dismisses them under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction.[2] *See* Fed. R. Civ. P. 12(h)(3).

Inasmuch as Plaintiff asserts claims under the APA against Williams seeking the prosecution of the abovementioned individuals, such clams are precluded from APA review because the decision as to whether to prosecute is a discretionary agency action. *See* § 701(a)(2); *Heckler*, 470 U.S. at 831-32. The Court therefore also dismisses these claims under the APA, under the doctrine of sovereign immunity, for lack of subject matter jurisdiction.[3] *See* Fed. R. Civ. P. 12(h)(3).

## D.      Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[2] "The APA provides relief for a failure to act in [5 U.S.C. §]706(1): 'The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004). Yet, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that *it is required to take*." *Id.* at 64 (emphasis in original). "The limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law (which includes, of course, agency regulations that have the force of law)." *Id.* at 65 (emphasis in original). Plaintiff alleges no discrete federal legal requirement that the defendants must investigate purported criminal acts or protect victims from criminal acts.

[3] While Plaintiff does not seek a refund of the abovementioned postal money orders from the USPS, the Court offers no opinion as to the merits of any separate civil action in which he seeks such relief.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court denies as moot any request by Plaintiff for the assignment of *pro bono* counsel.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

 Dated:    April 15, 2024
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge